UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO.9 PAINTING INDUSTRY INSURANCE FUND; TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND; and DISTRICT COUNCIL NO. 9 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, A.F.L.-C.I.O., Petitioners, -v.- ADEL-FIA CONTRACTING CORP., Respondent. | 26 Civ. 1660 (KPF) **OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Petitioners District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union"), together with the Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Trustees" or the "Funds" and, collectively with the Union, "Petitioners"), move for summary judgment in support of their petition to confirm an arbitral award (the "Award") and to recover attorneys' fees, costs, and post-judgment interest. The arbitrator, the Joint Trade Committee of the Painting and Decorating Industry (the "JTC"), determined that Respondent Adel-Fia Contracting Corp. ("Adel-Fia") had discriminated against a job steward and accordingly awarded Petitioners more than $5,000. Petitioners' motion to confirm is unopposed. For the reasons set forth below, the Court grants Petitioners' motion in full.

## BACKGROUND[1]

### A. Factual Background

Petitioner Union is a New York-based labor organization that represents employees in industries affecting commerce within the meaning of Section 501 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 142. (Pet. 56.1 ¶ 1; Drew Decl. ¶ 3). Petitioners Trustees are fiduciaries of jointly administered multi-employer labor management trust funds. (Pet. 56.1 ¶ 2). These funds are established and maintained pursuant to trust indentures and collective bargaining agreements ("CBAs"). (*Id.*).

Respondent Adel-Fia is a New York corporation with its last known place of business in Brooklyn. (Pet. 56.1 ¶ 3; Drew Decl. ¶ 5). At all relevant times, Adel-Fia was a party to a CBA with the Union. (Pet. 56.1 ¶ 4; Drew Decl. ¶ 6). The CBA requires the parties to submit disputes to the JTC for a final, binding decision. (Pet. 56.1 ¶ 4).

The instant dispute arose in September 2025, when Adel-Fia was alleged to have discriminated against a job steward, in violation of Article I and Article XIII, Section 11, Violation 5 of the CBA. (Pet. 56.1 ¶ 6; Drew Decl. ¶¶ 2,

---

1 The facts set forth in this Opinion are drawn from Petitioners' submissions in connection with their motion for summary judgment, including Petitioners' Local Civil Rule 56.1 Statement ("Pet. 56.1" (Dkt. #15)); the Declaration of John Drew ("Drew Decl." (Dkt. #14)); the Affirmation of Lauren M. Kugielska ("Kugielska Aff." (Dkt. #17)) and the attached exhibit ("Kugielska Aff., Ex. A"); and Petitioners' Memorandum of Law in support of their motion ("Pet. Br." (Dkt. #16)). Citations to Petitioners' briefing and Rule 56.1 statement incorporate by reference the documents and testimony cited therein, including the underlying Petition (Dkt. #1); and the Declaration of Lauren M. Kugielska ("Kugielska Decl." (Dkt. #6)) and the attached exhibits ("Kugielska Decl., Ex. [ ]").

7; Kugielska Decl., Ex. A at 4). Pursuant to Article XIII of the CBA, the Union filed and served a demand for arbitration with the JTC. (Pet. 56.1 ¶ 6; Drew Decl. ¶ 7). The JTC held a hearing on October 30, 2025, and issued the Award on November 11, 2025. (Pet. 56.1 ¶ 6; Drew Decl. ¶ 8; Kugielska Decl., Ex. A at 5). In it, the JTC found that Adel-Fia had breached the CBA by discriminating against a job steward, Edward LeCount (Pet. 56.1 ¶¶ 5, 7; Drew Decl. ¶ 8), and it directed Adel-Fia to pay $2,819.25 in wages to LeCount and $3,030.30 in benefits to the "PIIAF" (Pet. 56.1 ¶ 8; Drew Decl. ¶ 9).

Following the hearing, a copy of the Award was delivered to Adel-Fia. (Pet. 56.1 ¶ 9; Drew Decl. ¶ 10). After failing to comply with the Award, a demand letter was served on Adel-Fia. (Pet. 56.1 ¶ 10; Drew Decl. ¶ 11). To date, Adel-Fia has neither complied with the Award, nor moved to vacate or modify it. (Pet. 56.1 ¶¶ 11-12; Drew Decl. ¶¶ 12-13).

**B. Procedural Background**

Petitioners seek an order and judgment from this Court pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and Section 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 9, confirming the Award. (Kugielska Aff. ¶ 3; Pet. Br. 4). To that end, Petitioners filed a petition to confirm the Award on February 27, 2026 (Dkt. #1), which the Court directed them to refile as a motion for summary judgment (Dkt. #7). *See D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (observing that proceedings to confirm an arbitration award should be "treated as akin to a motion for summary judgment"). Petitioners complied on April 3, 2026, attaching their

supporting memorandum of law, a Rule 56.1 statement of material facts, a declaration from John Drew, and an affirmation from the attorney of record, Lauren M. Kugielska. (Dkt. #13-17).

In their memorandum of law, Petitioners ask the Court to affirm the Award of $2,819.25 in wages to Edward LeCount, and $3,030.30 in benefits to the PIIAF. (Pet. Br. 4, 6; Pet. 56.1 ¶ 8; Drew Decl. ¶ 9). Petitioners also request attorneys' fees of $2,100.00 and court costs of $195.20 incurred in bringing this case, along with post-judgment interest on the entire amount awarded. (Kugielska Aff. 4). Respondent's opposition was due by May 1, 2026 (Dkt. #7), but Respondent has failed to file any opposition or appear in this action.

**DISCUSSION**

**A. Applicable Law**

The Second Circuit treats uncontested petitions to confirm an arbitral award "as akin to a motion for summary judgment based on the movant's submissions," under Rule 56 of the Federal Rules of Civil Procedure. *D.H. Blair & Co., Inc.*, 462 F.3d at 109. The district court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co.* v. *1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). If the evidence supporting the summary judgment motion — such as the Rule 56.1 statement and the underlying record — does not satisfy the movant's burden, "then summary judgment must be denied even if no opposing evidentiary matter is

presented." *Id.* (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244 (emphasis omitted)).

Normally, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]" *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Florasynth, Inc.* v. *Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984)); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) ("The role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the [FAA].'") (quoting *Tempo Shain Corp.* v. *Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997)). Accordingly, "the burden of proof necessary to avoid confirmation of an arbitration award is very high, and a district court will enforce the award as long as 'there is a barely colorable justification for the outcome reached.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 103-04 (quoting *Rich* v. *Spartis*, 516 F.3d 75, 81 (2d Cir. 2008)). Indeed, even when an arbitrator's "rationale for an award [is not] explained, ... the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case[.]'" *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

This is particularly true of labor arbitration awards. "Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y.* v. *Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (internal citation

omitted). But a court's review of a labor arbitration award is "narrowly circumscribed and highly deferential." *ABM Indus. Grps., LLC* v. *Int'l Union of Operating Eng'rs, Loc. 30, 30A, 30B, AFL-CIO*, 968 F.3d 158, 161 (2d Cir. 2020) (quoting *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016)). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001). A court inquires "only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *ABM Indus. Grps, LLC*, 968 F.3d at 161 (quoting *Nat'l Football League Mgmt. Council*, 820 F.3d at 536).

**B. Analysis**

**1. The Court Confirms the Award**

Having reviewed Petitioners' motion and the supporting materials, the Court finds that the JTC acted within its authority as arbitrator and, accordingly, confirms the Award. As an initial matter, jurisdiction is proper in this Court. To exercise subject matter jurisdiction over a motion to confirm an arbitral award under the FAA, a district court must identify an "independent jurisdictional basis." *Rabinowitz* v. *Kelman*, 75 F.4th 73, 78-79 (2d Cir. 2023) (quoting *Badgerow* v. *Walters*, 596 U.S. 1, 4 (2022) (holding that the FAA itself does not generate subject matter jurisdiction)). The Court has subject matter jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. § 185. *See Loc. 802, Associated Musicians of Greater N.Y.*, 145 F.3d at 88; *see also,*

*e.g.*, *Tr. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Greenebuild LLC*, No. 25 Civ. 8943 (LJL), 2026 WL 2987016, at *3 (S.D.N.Y. Oct. 5, 2026) (hereinafter, "*Greenebuild LLC*") (recognizing the LMRA as the basis for subject matter jurisdiction).

In addition, venue is proper under 28 U.S.C. § 1391(b)(2), because a "substantial part of the events or omissions giving rise to the claim occurred [and] a substantial part of property that is the subject of the action is situated" in this District. 28 U.S.C. § 1391(b)(2). The hearing took place in New York, New York. (*See* Kugielska Decl., Ex. A at 3). *See D.H. Blair*, 462 F.3d at 105 ("[T]he FAA's venue provision must be read permissively to allow a motion to confirm, vacate, or modify an arbitration award either where the award was made or in any district proper under the general venue statute."). As a final antecedent matter, the Court concludes that it has personal jurisdiction over Respondent, which is duly organized under the laws of New York and has its last known place of business in New York. (Pet. 56.1 ¶ 3; Drew Decl. ¶ 5).

Turning to the merits, the Court finds that no genuine dispute of material fact exists regarding the Award's validity. In support of their motion for summary judgment, Petitioners point to the CBA between the Union and Respondent (Kugielska Decl., Ex. B), which authorizes the JTC to "hear and decide in arbitration … all grievances and disputes which arise between the Parties as to the interpretation or application of this [CBA] and to make such awards or assess remedies, damages[,] and penalties for violations of this

[CBA]" (*id.* at art. XIII § 3(a); *see also* Pet. Br. 3; Drew Decl. ¶ 3). Any "decisions, findings[,] and awards" by the JTC are "final and binding" on the parties. (Kugielska Decl., Ex. B, art. XIII § 4(d)). Relevant here, the CBA violations include "[d]iscrimination against [j]ob or [s]hop steward." (Kugielska Decl., Ex. B, art. I; *id.*, art. XIII § 11 violation 5). Petitioners also rely on the Award itself as evidence that Respondent failed to fulfill its obligations under the CBA. (Kugielska Decl., Ex. A). The Award states that Respondent "failed to refute" Petitioners' contention that Respondent did not "place a shop steward at a jobsite where work was performed that was covered under the [CBA]." (*Id.* at 4). The JTC, therefore, "found Adel-Fia guilty of discrimination against a job steward, in violation of Article I and Art. XIII Sec 11 Violation 5 of the [CBA], and directed Adel-Fia to submit $2,819.25 in wages and $3,030.30 in benefits on behalf of [Edward LeCount], representing 63 hours of wages and benefits owed," within ten days of receiving the decision. (*Id.*). Upon review of the record, the Court concludes that the JTC acted squarely within its authority to preside over a shop-steward violation and render a binding decision and Award. *See ABM Indus. Grps, LLC*, 968 F.3d at 161 (quoting *Nat'l Football League Mgmt. Council*, 820 F.3d at 536).

Conversely, the Court finds that no grounds exist for setting aside the Award in this case. None of the statutory grounds for vacatur applies: The record does not indicate that (i) Petitioners obtained the Award through corruption, fraud, or undue means; (ii) the JTC was unfairly biased; (iii) the JTC engaged in misconduct or prejudicial behavior; or (iv) the JTC acted

beyond the explicit scope of its powers. *See* 9 U.S.C. § 10(a) (setting forth the four statutory grounds for vacatur of an arbitral award). Additionally, the evidence does not demonstrate a "manifest disregard of the law" by the JTC. *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007) (quoting *Goldman* v. *Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002)); *see also Stolt-Nielsen SA* v. *AnimalFeeds Int'l Corp.*, 548 F.3d 85 (2d Cir. 2008) (holding that manifest disregard "remains a valid ground for vacating arbitration awards" even after the Supreme Court's decision in *Hall St. Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576 (2008)), *rev'd and remanded on other grounds*, 559 U.S. 662 (2010). The Court finds far more than "a barely colorable justification for the outcome reached" and confirms the Award. *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 103-04 (quoting *Rich*, 516 F.3d at 81).

**2. The Court Awards Attorneys' Fees and Costs, As Well As Post-Judgment Interest**

In addition to an order confirming the Award, Petitioners seek $2,100.00 in attorneys' fees and $195.20 in court costs, along with post-judgment interest. (Kugielska Aff. 4). "Section 301 of the LMRA does not provide for the recovery of attorneys' fees." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (citing *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). "However, an award of attorneys' fees and court costs is proper when consistent with the parties' contractual obligations under the CBA." *Trs. of New York City Dist.*

*Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *JB Squared Constr. Corp.*, No. 20 Civ. 2659 (KPF), 2020 WL 6825693, at *5 (S.D.N.Y. Nov. 19, 2020). Courts have also "routinely awarded attorney's fees" through their inherent equitable powers "in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Greenebuild LLC*, 2026 WL 2987016, at *4 (internal quotation marks and citation omitted); *see also Abondolo* v. *H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases); *Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227*, 774 F.2d at 47 ("As applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been stated as follows: 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" (quoting *Bell Prod. Eng'rs Ass'n* v. *Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (5th Cir. 1982))). Given that Respondent has neither complied with the Award nor participated in this action, the Court finds that an award of attorneys' fees and costs is appropriate. *See Greenebuild LLC*, 2026 WL 2987016, at *4; *see also Abondolo*, 2008 WL 2047612, at *4.

Petitioners' counsel have submitted uncontested evidence of $600.20 in total court costs, including $195.20 in statutory filing fees (Kugielska Aff., Ex. A (invoice)), and $405.00 in federal filing fees that counsel does not ask to receive (Kugielska Aff. ¶ 4; *see also id.* at 4 (only requesting recovery of "court

costs in the amount of $195.20[ ] in connection with this action")). Counsel have further provided an accounting for $2,100.00 in attorneys' fees. (Kugielska Aff. ¶¶ 5, 6). The fees reflect six hours of work at a rate of $350.00 per hour (*id.* ¶ 5), and counsel specifies "the date, the hours expended, and the nature of the work done," *N.Y. State Ass'n for Retarded Child., Inc.* v. *Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). (*See id.* ¶ 7). After careful review of Petitioners' attorneys' fees and costs submissions, the Court finds them to be reasonable and awards $2,100.00 in attorneys' fees and $195.20 in costs incurred in connection with this motion.

Petitioners' counsel also requests post-judgment interest. "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Barton* v. *Zhang*, No. 23 Civ. 8536 (LJL), 2024 WL 3228445, at *5 (S.D.N.Y. June 27, 2024) (quoting *Lewis* v. *Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). As such, the Court awards post-judgment interest from the date of entry of the judgment at the statutorily prescribed rate. *See* 28 U.S.C. § 1961.

**CONCLUSION**

For the foregoing reasons, Petitioners' motion for summary judgment is GRANTED as follows: The Clerk of Court is directed to enter judgment in favor of Petitioners, and Respondent shall pay: (i) $2,819.25 in wages to Edward LeCount, and $3,030.30 in benefits to the PIIAF; and (ii) $2,100.00 in attorneys' fees and $195.20 in court costs. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

Further, the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: October 23, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge